UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SAMPSON HUNTER, | No. 2:16-cv-1041-EFB P |
| Plaintiff, | |
| v. | ORDER |
| KARA KALWINDER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that plaintiff has been designated a three-strikes

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

litigant for purposes of § 1915(g).  *See Hunter v. Paetzold*, No. 5:14-cv-3233-PDG (Dec. 4, 2014, N.D. Cal.).  The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement).  Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

According to the complaint and its exhibits, a doctor told plaintiff in December 2015 that he does not have a prostate infection, took a urine sample and a blood draw, and referred plaintiff for an ultrasound.  ECF No. 1 at 8-9.[2]  Plaintiff alleges that the doctor "failed to respond reasonably to treat plaintiff's prostate infection." *Id.* at 4.  These allegations demonstrate a difference of opinion between plaintiff and his medical provider.   They do not demonstrate that plaintiff suffered from an ongoing or imminent danger of serious physical injury at the time he filed his complaint.  Thus, the imminent danger exception does not apply.

In addition, plaintiff's claims of "imminent danger," filed three months after the complaint and concerning events that post-date the complaint, are not relevant to the section 1915(g) analysis.  *See* ECF Nos. 13 & 14.

Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, because plaintiff has not paid the filing fee and cannot proceed in forma pauperis, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 2 & 10) is denied; and

/////

/////

---

[2] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

1    2. Plaintiff shall submit, within twenty-one days from the date of this order, the
2 appropriate filing fee. Plaintiff's failure to comply with this order will result in the dismissal of
3 this action.

4 Dated: January 25, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3